IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LEWIS CROFT,<br><br>Defendant. | CV 19–28–M–DLC<br><br>ORDER |

Before the Court is Plaintiff State Farm Fire & Casualty Company's ("State Farm") Motion for Default Judgment against Defendant Lewis Croft. (Doc. 11.) Croft has not responded. For the following reasons, default judgment is appropriate.

**Background**

State Farm seeks a declaratory judgment that its homeowners policy provides no coverage for claims or damages sought against Croft in an underlying state court action. (Doc. 4 at 7–9.) The state court action asserts nine causes against various defendants including Croft, all based on Croft's sexual abuse of his granddaughters from 1994 to 2007. (Doc. 4–1.) Only two counts, negligent infliction of emotional distress and sexual assault, are asserted directly against

Croft. (*Id.* at 7–9.) Croft holds a homeowners policy with State Farm. (Doc. 4 at 3.)

State Farm undertook Croft's defense under a reservation of rights. (*Id.* at 6.) State Farm then filed this action seeking a declaration that there is no coverage in the underlying action because sexual assault is not an "occurrence" under the policy and because there is a coverage exclusion for "bodily injury" "which is either expected or intended by the insured" or "which is the result of willful and malicious acts of the insured." (*Id.* at 6–7.) For these reasons, State Farm seeks a declaration that it has no duty to defend or indemnify Croft in the underlying action. (*Id.* at 7–9.)

State Farm filed its Amended Complaint on June 19, 2019. (Doc. 4.) On July 2, 2019, State Farm served process on Croft. (Doc. 6.) Croft failed to answer. On December 24, 2019, the clerk entered default. (Doc. 9.) On March 2, 2020, State Farm moved for default judgment. (Doc. 11.)

## Discussion

A district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Under Federal Rule of Civil Procedure 55(b), a district court considering whether default judgment is appropriate should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of

money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits." *State Farm Mut. Auto. Ins. Co. v. Croft*, No. CV 19-41-M-DWM, 2019 WL 6311136, at *1 (D. Mont. Nov. 25, 2019) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). The court accepts the factual allegations in the complaint as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The first factor, the possibility of prejudice to the plaintiff, weighs in favor of granting default judgment. Because Croft has not answered the Amended Complaint, the Court's failure to grant default judgment would leave State Farm without a remedy.

The second and third factors inquire into the merits of the claim and the sufficiency of the complaint, *Eitel*, 782 F.2d at 1471, both of which support entering default judgment. The Amended Complaint is certainly sufficient. It satisfies Rule 8's pleading standards and establishes the Court's jurisdiction. (*See* Doc. 4 at 2.) Moreover, as analyzed below, the allegations in the Amended Complaint, taken as true, state meritorious claims.

The underlying action seeks damages for harm caused by Croft's sexual assault of his two granddaughters. (Doc. 4-1.) State Farm's Amended Complaint asserts that there is no coverage for damage caused by sexual assault because it is not an "occurrence" within the meaning of the policy and because sexual assault

falls within a coverage exclusion as a "bodily injury" "which is either expected or intended by the insured" or "which is the result of willful and malicious acts of the insured." (Doc. 4 at 6–7.) In Montana, it is well-settled that a sexual assault is not an "occurrence" because the consequent harm is intended by the insured. *See Farmers Union Mut. Ins. v. Kienenberger*, 847 P.2d 1360, 1361 (Mont. 1993); *Employers Mut. Cas. Co. v. Fisher Builders, Inc.*, 371 P.3d 375, 379 (Mont. 2016); *Am. Reliable Ins. Co. v. Lockard*, 793 F. App'x 505, 506 (9th Cir. 2019). By extension, sexual assault would fall within the coverage exclusion as an "intended" "bodily injury." Accordingly, State Farm is correct. There is no coverage under the policy.

Nevertheless, the duty to defend is broader than the duty to indemnify. "Unless there exists an unequivocal demonstration that the claim against an insured does not fall within the insurance policy's coverage, an insurer has a duty to defend." *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont. 2004). Here, there is no duty to defend because Croft pled guilty to sexual assault. (Doc. 4 at 3.) The lack of factual dispute in the underlying action provides an "unequivocal demonstration" that coverage does not exist. In this case, the second and third factors readily support entering default judgment.

The fourth factor considers the amount of money at stake weighed against the culpability of the Defendants' conduct. *Croft*, 2019 WL 6311136, at *3. In the

present suit, State Farm does not seek any damages. Even looking at the underlying action, although State Farm asserts that more than $75,000 is at stake, it does not provide any more information. (Doc. 4 at 2.) Accordingly, this factor is neutral. *See id.*

The fifth and sixth factors—possible factual disputes and excusable neglect—also favor entering default judgment. Because Croft did not answer State Farm's Amended Complaint, no facts are in dispute. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). And, because Croft was properly served more than nine months ago, it is unlikely that Croft's failure to answer results from excusable neglect.

The final factor, the policy favoring a decision on the merits, generally weighs against entering default judgment. *Eitel*, 782 F.2d at 1472. Yet "the mere existence of [Rule] 55(b), . . . indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). Croft's failure to answer makes any other disposition impractical. Having weighed each of the factors, the Court finds that default judgment is appropriate.

IT IS ORDERED that State Farm's motion for default judgment (Doc. 11) is GRANTED. Default judgment is entered in favor of State Farm and against Defendant Lewis Croft on State Farm's claim for declaratory relief as follows:

State Farm has no duty to defend or indemnify Lewis Croft in the underlying case under the State Farm policy at issue.

The clerk is directed to enter judgment by separate document and close the case file.

DATED this 24th day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court